Asaad K. Siddiqi, Esq. (AS-9150)
Pashman Stein Walder Hayden
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ  07601-7054
201-639-2009 - direct dial
201-488-5556 - fax
aksiddiqi@pashmanstein.com

John P. Fuller, Esq., *pro hac vice pending*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
Tel. (305) 891-5199
jpf@fullerfuller.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| DENNIS MAURER, Individually, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No.  1:16-cv-03035-R5BK-JS |
| vs. | : | |
| | : | |
| MITRA QSN KNE, LLC,  a Texas Limited | : | |
| Liability Company, | : | |
| | : | |
| Defendant. | : | |
| _____/ | | |

**FIRST AMENDED COMPLAINT**

Plaintiff, DENNIS MAURER, Individually, on his behalf and on behalf of all other

mobility impaired individuals similarly situated, hereby sues the Defendant, MITRA QSN KNE,

LLC, a Texas Limited Liability Company (sometimes referred to as ADefendant@), for Injunctive

Relief, damages, attorney=s fees, litigation expenses, and costs pursuant to the Americans with

**EXHIBIT A**

Disabilities Act, 42 U.S.C. ' 12181 et seq. (AADA@) and the New Jersey Law Against Discrimination (N.J.S.A.).

**COUNT I**

**VIOLATION OF TITLE III OF THE
AMERICANS WITH DISABILITIES ACT, 42 U.S.C.  ' 12181, *et seq.***

1.      Plaintiff, Dennis Maurer, is an individual residing at 8 Prospect Avenue, Egg Harbor Township, NJ  08234, in the County of Atlantic.

2.      Defendant=s property, KFC, is located at 600 E. Black Horse Pike, Pleasantville, NJ  08232, in the County of Atlantic.

3.      Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs.  The Defendant=s property is located in and does business within this judicial district.

4.      Pursuant to 28 U.S.C. ' 1331 and 28 U.S.C. ' 1343, this Court has been given original jurisdiction over actions which arise from the Defendant=s violations of Title III of the Americans with Disabilities Act, 42 U.S.C. ' 12181 et seq. See also 28 U.S.C. ' 2201 and ' 2202.

5.      Plaintiff  DENNIS MAURER is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Mr. Maurer has multiple sclerosis and is mobility impaired, and uses a wheelchair for mobility.  Dennis Maurer has visited the property which forms the basis of this lawsuit and plans to return to the property in the near future to avail himself of the goods and services offered to the public at the property.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered his safety.

6.      Defendant owns, leases, leases to, or operates a place of public accommodation as

defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as KFC, a restaurant located at 600 E. Black Horse Pike, Pleasantville, NJ  08232.

7.    Dennis Maurer has a realistic, credible, existing and continuing threat of discrimination from the Defendant=s non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 9 of this First Amended Complaint.  Plaintiff has reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Dennis Maurer desires to visit KFC not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8.    The Defendant has discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. ' 12182 et seq.

9.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of KFC has shown that violations exist.  These violations that Dennis Maurer  personally observed or encountered include, but are not limited to:

**Parking and Exterior Accessible Route**

a.      Parking spaces provided by KFC are not maintained, lack adequate access aisles and are not on the closest most direct route, violating Sections 502 and 502.4 of the 2010 Accessibility Standards.

b.      Accessible parking provided by KFC leads to an improper curb ramp, violating Sections 402 and 406 of the 2010 Accessibility Standards.

c.      Parking provided at KFC fails to provide a safe accessible route from the parking area to the entrance, violating Section 502 of the 2010 Accessibility Standards. Mr. Maurer is forced to travel through slopes and changes of level to reach the entrance.

d.      The exterior accessible route at KFC was found to contain cross slopes, abrupt changes of level and curb ramps with excessive slopes, those in wheelchairs can be harmed by these conditions, violating Sections 403.4 and 402 of the 2010 Accessibility Standards.

e.      KFC fails to provide an accessible route to the adjacent street, sidewalk or bus stop, violating Section 206.2.1 of the 2010 Accessibility Standards.

**Access to Goods and Services**

a.      KFC fails to provide an interior or exterior accessible table, violating Section 902 of the 2010 Accessibility Standards.

b.      While entering areas at KFC Mr. Maurer was impeded by a lack of maneuvering clearance at the door, violating section 404 of the 2010 Accessibility Standards.

**Restrooms**

a.      KFC provides restroom doors with improper width, door hardware and a lack of latch side clearance impeded Mr. Maurer's maneuvering clearance while exiting, violating Section 404 of the 2010 Accessibility Standards.

b.      KFC provides water closets with flush controls mounted on the wall side and improper centerlines, violating Section 604 of the 2010 Accessibility Standards.

c.      KFC provides improper lavatories that lack insulated pipe wrap, violating Section 606 of the 2010 Accessibility Standards.

10.      All of the foregoing violations are also violations of the 1991 Revised Americans with Disabilities Act Guidelines, and the 2010 Standards for Accessible Design (ADAAG), as promulgated by the U.S. Department of Justice.

11.     The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant=s ADA violations.  Plaintiff requires the inspection of the Defendant=s place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant=s buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant=s ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated  will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.   In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant=s place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12.     Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. ' 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13.     Plaintiff is without adequate remedy at law and is suffering irreparable harm.

Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney=s fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. ' 12205 and 28 CFR 36.505.

14.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant=s place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant=s facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant=s facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15.     Notice to Defendant is not required as a result of the Defendant=s failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16.     Pursuant to 42 U.S.C. ' 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter KFC to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.       The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. ' 12181 et seq.

b.       Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.       An award of attorney=s fees, costs and litigation expenses pursuant to 42 U.S.C. ' 12205.

d.       Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

<u>COUNT II</u>
<u>VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION</u>

17.    Plaintiff re alleges all prior obligations as if fully set forth herein.  Plaintiff repeats the allegations contained in all of the proceeding paragraphs.

18.    Defendant=s facility is a place of public accommodation as defined by N.J.S.A. 10:5-5, (New Jersey Law Against Discrimination).  New Jersey law provides that all persons shall

have the opportunity to obtain all the accommodations, advantages, facilities and privileges of any place of public accommodation without discrimination on the basis of disability. This opportunity is recognized and declared to be a civil right. (See, N.J.S.A. 10:5-4.)

19.     As a result of the aforementioned discrimination, Plaintiff Dennis Maurer has sustained emotional distress, mental anguish and suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.

**WHEREFORE**, Dennis Maurer demands judgment for damages, attorneys= fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

Respectfully submitted,

Date:_____     _____

Asaad K. Siddiqi, Esq. (NJSBA No. AS-9150)
Pashman Stein Walder Hayden
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ  07601-7054
201-639-2009 - direct dial
973-436-4226 - fax
aksiddiqi@pashmanstein.com
and
John P. Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
jpf@fullerfuller.com

*Counsel for Plaintiff Dennis Maurer*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this _____ day of _____, 2016, a true and correct copy of the foregoing was filed via the Court's CM/ECF system, which will automatically generate notice to counsel for Defendant KFC:  John F. MacDonald, Esq., jmacdonald@constangy.com, Constangy Brooks Smith & Prophete, LLP, 989 Lenox Drive, Suite 206, Lawrenceville, NJ 08648.

       **I FUTHER CERTIFY** that a copy will be served upon Defendant MITRA QSR KNE, LLC via service of process at the address provided to the New Jersey Secretary of State: c/o Corporate Creations Network Inc., 811 Church Road - #105, Cherry Hill, NJ 08002.

                                                    _____
                                                    Asaad K. Siddiqi, Esq. (AS-9150)
                                                      Pashman Stein Walder Hayden
                                                      Court Plaza South
                                                      21 Main Street, Suite 200
                                                      Hackensack, NJ  07601-7054
                                                      201-639-2009 - direct dial
                                                      201-488-5556 - fax
                                                      aksiddiqi@pashmanstein.com

                                                      *Co-Counsel for Plaintiff Dennis Maurer*